NO. 25-10977

---

**IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT**

**FRANCISCO DERAS,**
*Plaintiff-Appellant*,

*V.*

**JOHNSON & JOHNSON SERVICES,
INCORPORATED,**
*Defendant-Appelle*e.

---

**BRIEF OF APPELLANT**

**S**EEKING REVIEW OF THE DISTRICT COURT'S ORDER DENYING
PLAINTIFF–APPELLANT'S RULE 60(b)(1) MOTION FOR RELIEF FROM
JUDGMENT IN THE MATTER OF FRANCISCO DERAS V. JOHNSON &
JOHNSON SERVICES, INC.,
CIVIL ACTION 4:25-cv-00812-P
FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
HONORABLE MARK T. PITTMAN, PRESIDING

SUBMITTED BY:

**SPACE CITY LAW FIRM**

*s/Bridget Davidson*
Bridget Davidson
*bdavidson@spacecitylaw.com*
TBN: 24096858
**SPACE CITY LAW FIRM**
440 Louisiana Street, Suite 1110
Houston, Texas 77002
E-Service: *hello@spacecitylaw.com*
Tel.: 713-568-5305
Fax: 713-583-1107

**ATTORNEY FOR PLAINTIFF-APPELLANT**

# I.    TABLE OF CONTENTS

I.    TABLE OF CONTENTS..................................................................3

II.   TABLE OF AUTHORITIES .........................................................4

III.  CERTIFICATE OF INTERESTED PARTIES…………………….......5

IV.   JURISDICTION ...........................................................................7

V.    ISSUES PRESENTED ..................................................................9

VI.   STATEMENT REGARDING ORAL ARGUMENT.............................10

VII.  STATEMENT OF THE CASE ........................................................10

VIII. SUMMARY OF THE ARGUMENT ...............................................12

IX.   ARGUMENTS AND AUTHORITIES ...........................................14

  A.   STANDARD OF REVIEW............................................................14

  B.   RULE 60(B)(1) RELIEF IS DESIGNED TO PREVENT HARSH RESULTS FROM COUNSEL'S MISTAKE ..................................................................16

  C.   APPLICATION OF THE PIONEER FACTORS DEMONSTRATES EXCUSABLE NEGLECT ...............................................................................17

    1.   Defendant Will Suffer No Prejudice ..........................................17

    2.   The Delay Was Minimal ..........................................................18

    3.   The Reason For The Delay Was Excusable Neglect & The Mistake Was an Isolated Incident ...............................................................20

    4.   Plaintiff Acted In Good Faith And Took Immediate Corrective Action ...21

  D.   DISMISSAL WAS A DISPROPORTIONATE SANCTION ....................22

  E.   THE DISTRICT COURT MISAPPLIED JONES AND CAMPBELL ......23

  F.   EQUITY AND POLICY STRONGLY FAVOR REVERSAL OF THE DISTRICT COURT'S DENIAL OF PLAINTIFF'S MOTION TO REOPEN.................24

X.    CONCLUSION...........................................................................25

CERTIFICATE OF SERVICE..............................................................27

CERTIFICATE OF COMPLIANCE........................................................27

## II.   TABLE OF AUTHORITIES

### A. Cases

*AAR Supply Chain Inc. v. N & P Enters., LLC*, 2017 U.S. Dist. LEXIS 193048, 2017 WL 5626356 (N.D. Tex. Nov. 22, 2017) ....................................................14

*Angel v. Consol. Freightways, Inc.*,  1995 U.S. App. LEXIS 41720 *11-12 (5th Cir. 1995)............................................................................................................21

*Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir.1985) ................................................................................................................. 14, 21

*Campbell v. Wilkinson*, 988 F.3d 798 (5th Cir. 2021)............................................22

*EEOC v. General Dynamics Corp.*, 999 F.2d 113, 117 (5th Cir. 1993).................14

*Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885 (5th Cir. 1968) ..............21

*Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1985), cert. denied 475 U.S. 1016 (1985)......................................................................... 14, 21

*In re SAL ATX LLC*,  660 B.R. 795 (Bankr. W.D.T.X. 2018)................................19

*Jones v. Meridian Sec. Ins. Co*., No. 23-10148, 2023 WL 6518145 (5th Cir. 2023) ...............................................................................................................................22

*Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000) ...................................... 16, 20, 23

*Nat. Gas Pipeline Co. v. Energy Gathering, Inc.*, 86 F.3d 464 (5th Cir. 1996)......21

*Razvi v. Dallas Fort Worth Int'l*, No. 21-10016, 2022 WL 4298141 (5th Cir. 2022) .................................................................................................... 9, 13, 18, 19

*Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982)................................21

Stotter v. Univ. of Tex. at San Antonio, 508 F.3d 812 (5th Cir. 2007)...................17

### B. Statutes

FED. R. CIV. P. 60(b) ......................................................................................... 15, 23

FED. R. CIV. P. 60(c)................................................................................................18

### III.    CERTIFICATE OF INTERESTED PARTIES

**1. The Parties to this Proceeding Are:**

**Plaintiff-Appellant:**

> Francisco Deras
> c/o SPACE CITY LAW FIRM
> 440 Louisiana Street, Suite 1110
> Houston, Texas 77002
> Tel.: 713-568-5305
> Fax: 713-583-1107

**Attorney for Plaintiff-Appellant:**

> Bridget Davidson
> TBN: 24096858
> SPACE CITY LAW FIRM
> 440 Louisiana Street, Suite 1110
> Houston, Texas 77002
> Tel.: 713-568-5305
> Fax: 713-583-1107

**Defendant-Appellee:**

> Johnson & Johnson Services, Inc.
> c/o LITTLER MENDELSON P.C.
> 1301 McKinney Street, Suite 1900
> Houston, TX 77010
> Tel.: 713-652-4743
> Fax: 713-583-0249

**Attorney for Defendant-Appellee:**

> Luke MacDowall
> LITTLER MENDELSON P.C.
> 1301 McKinney Street, Suite 1900
> Houston, TX 77010
> Tel.: 713-652-4743
> Fax: 713-583-0249

2. **The Parties & Counsel in the Underlying Lawsuit Are:**

**Plaintiff:**

> Francisco Deras
> c/o SPACE CITY LAW FIRM
> 440 Louisiana Street, Suite 1110
> Houston, Texas 77002
> Tel.: 713-568-5305
> Fax: 713-583-1107

**Plaintiff's Attorney:**

> Bridget Davidson
> TBN: 24096858
> SPACE CITY LAW FIRM
> 440 Louisiana Street, Suite 1110
> Houston, Texas 77002
> Tel.: 713-568-5305
> Fax: 713-583-1107

**Defendant:**

> Johnson & Johnson Services, Inc.
> c/o LITTLER MENDELSON P.C.
> 1301 McKinney Street, Suite 1900
> Houston, TX 77010
> Tel.: 713-652-4743
> Fax: 713-583-0249

**Defendant's Attorney:**

> Luke MacDowall
> LITTLER MENDELSON P.C.
> 1301 McKinney Street, Suite 1900
> Houston, TX 77010
> Tel.: 713-652-4743
> Fax: 713-583-0249

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was forwarded to all counsel of record on the 29th of October 2025 via the Court's CM/ECF system.

*s/Bridget Davidson*
Bridget Davidson

# IV.    JURISDICTION

This Court has jurisdiction over this appeal under <u>28 U.S.C. § 1291</u> which grants the court of appeals authority to review final decisions of district courts. The district court's dismissal of Plaintiff-Appellant's case for non-compliance with Local Rule 83.10(a) operated as a final judgment, terminating the litigation in the district court.

Following that dismissal, Plaintiff-Appellant filed post-judgment motions seeking reopening and/or reconsideration under Rule 60(b)(1). The district court denied those motions. Because the denial of a Rule 60(b) motion is treated as a final, appealable order under <u>28 U.S.C § 1291</u>, this appeal lies from both the judgment of dismissal and the denial of the Rule 60(b)(1) motions. *See Osborn v. Belton*, <u>131 F.4th 262, 269</u> (5th Cir. 2025) (quoting *Taylor v. Johnson*, <u>257 F.3d 470, 474</u>–75 (5th Cir. 2001)) (noting that an order denying Rule 60(b) relief is a final decision reviewable on appeal).

Plaintiff-Appellant timely filed his Notice of appeal within thirty (30) days after the District Court's August 19, 2025, Order denying relief, as required under

Federal Rule of Civil Procedure 4(a)(1)(A). Accordingly, this Court may properly review the District Court's dismissal and denial of post-judgment relief.

## V.   ISSUES PRESENTED

1.     DID THE DISTRICT COURT ERR IN DENYING PLAINTIFF-APPELLANT'S RULE 60(B)(1) MOTIONS FOR RELIEF FROM JUDGMENT, WHERE THE DISMISSAL WAS BASED SOLELY ON A TECHNICAL LOCAL RULE VIOLATION, THE CASE WAS AT ITS EARLIEST STAGE, AND PLAINTIFF PROMPTLY CURED THE DEFECT?

2.     DID THE DISTRICT COURT ABUSE IT'S DISCRETION BY IMPOSING THE HARSH SANCTION OF DISMISSAL, WITHOUT CONSIDERATION OF LESS HARSH ALTERNATIVES?

## VI.     STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

## VII.     STATEMENT OF THE CASE

Plaintiff Francisco Deras ("Plaintiff" or "Deras") filed the underlying action on July 30, 2025, in the United States District Court for the Northern District of Texas, Fort Worth Division asserting claims against Defendant Johnson and Johnson, Inc ("Defendant" or "J &J") for unpaid wages and recordkeeping violations under of the Fair Labor States Act (FLSA). *See generally*, ROA 4 – 12. The case was timely filed and properly served. Around the time of filing, Plaintiff's counsel had filed one to two other cases in the Northern District in the 30-day period near the filing of the underlying lawsuit. ROA 23 – 24. In handling these cases, counsel typically relies on the PDF versions of Court Orders, which specifically outline requirements such as retaining local counsel within the Division, rather than relying on CM/ECF email notes. *Id*. In this case, the local counsel designation deadline was inadvertently overlooked due to an isolated calendaring error. *Id.*; *compare, Razvi v. Dallas Fort Worth Int'l; Spirit Airlines Inc.*, No. 21-10016, 2022 WL 4298141 (5th Cir. 2022).

On August 14, 2025, the District Court dismissed the case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with Local Rule 83.10(a), which requires the designation of local counsel. ROA 21 – 22.

Upon reviewing the Dismissal Order, Plaintiff promptly moved to reopen the case, which included a Notice of Appearance of local counsel. ROA 23 – 32. In substance, that motion sought relief from judgment under Federal Rule of Civil Procedure 60(b)(1), as the dismissal was the first deadline in the case, the failure to designate local counsel was inadvertent, and local counsel was promptly retained. *Id*. Local counsel retained was Jay Forester of the law firm FORESTER HAYNIE, located at 11300 N. Central Expy, Suite 550, Dallas, Texas 75243, which is within the 50-mile Froth Worth federal courthouse radius required by Local Rule 83.10(a). *Id*. However, on August 15, 2025, the District Court denied Plaintiff's Motion to Reopen the case, insinuating that an argument that the Court's dismissal without prejudice was a dismissal with prejudice was required for the Motion to have been granted and cited two cases: *Cambell, Jones v. Meridan Sec. Ins. Co.*, No. 23-10148, 2023 WL 6518145 at *5 (5th Cir. Oct. 5, 2023). ROA 32.

On August 18, 2025, Plaintiff filed a Renewed Motion for Relief from Judgment, which sought the same relief as the original Motion to Reopen, but addressed the distinctions between the cases cited in the Court's Order denying the first motion. ROA 33 - 45. The Motion, in substance, distinguished the underlying case from the cases cited in the District Court's Order denying the original Motion to Reopen and argued that the circumstances and reason(s) for the missed deadline satisfied the Rule 60(b)(1) standard. *Id*. Included with the Motion was a Notice of

Appearance like the original Motion and also an engagement agreement with local counsel attached for further proof that Plaintiff had tried to comply with the local rule as soon as possible and appease the District Court. ROA 46 - 49. On August 19, 2025, the District Court entered an Order denying Plaintiff's second Motion. ROA 54 – 55. Plaintiff subsequently filed a timely Notice of Appeal, seeking review of the District Court's denials of Plaintiff's Motions for Relief from Judgment. ROA 56 – 58.

## VIII.    SUMMARY OF THE ARGUMENT

The district court abused its discretion in dismissing Plaintiff's case and later denying Rule 60(b)(1) relief - twice. Rule 60(b)(1) is meant to prevent exactly this outcome—harsh judgments entered because of minor, excusable procedural mistakes. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981).

As argued to the District Court, all four *Pioneer* factors favor relief in this instance. There was no prejudice to Defendant, the case had just recently been filed, the delay was brief and immediately corrected, the oversight was inadvertent and beyond Plaintiff's control, and Plaintiff acted in good faith by retaining local counsel and moving promptly (almost immediately) to cure the error.

Dismissal for a one-time, curable oversight—without prior warning or opportunity to comply—was a disproportionate sanction. The district court relied on

*Jones* and *Campbell*, cases involving *repeated* non-compliance and ignored court orders, which are factually distinct from this case.

This case mirrors *Razvi v. Dallas Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141 (5th Cir. 2022), where this Court reversed the same district judge's denial of Rule 60(b) relief after an isolated procedural error. As in *Razvi*, the denial here undermines the policy favoring adjudication on the merits and unfairly punishes Plaintiff for counsel's excusable mistake.

Because dismissal and denial of relief served no legitimate purpose and contravened binding Fifth Circuit precedent, reversal is required so that Plaintiff's claims may be resolved on the merits.

## IX.    ARGUMENTS AND AUTHORITIES

A.    STANDARD OF REVIEW

A district court's decision to grant or deny a Rule 60(b)(1) motion is reviewed under an abuse of discretion standard. *Razvi v. Dallas Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, *2 (5th Cir. 2022). Although this standard is deferential, it does not protect decisions that rest on an erroneous legal conclusion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). As the Fifth Circuit has explained, when a district court's ruling effectively prevents adjudication on the merits, the Fifth Circuit has repeatedly recognized that even a "slight abuse" justifies reversal. *Id*.

The Fifth Circuit has in several instances reversed denials of Rule 60(b) relief where dismissals or sanctions were imposed over relatively minor procedural oversights. In *Razvi*, for example, the Court reversed a dismissal and denial of relief where a party's counsel's calendaring error caused missed compliance with a local requirement. *See generally*, *Razvi v. Dallas Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, *2 (5th Cir. 2022). The Court held that given the prompt corrective action, absence of prejudice, and the fact that the dismissal prevented adjudication of the case, the District Court's refusal to open the case was an abuse of discretion. *Razvi*, 2022 WL 4298141, at *10–11.

Courts in the Fifth Circuit have found that mistakes by counsel are not "willful" for the purpose of setting aside a default. *AAR Supply Chain Inc. v. N & P Enters., LLC*, 2017 U.S. Dist. LEXIS 193048, 2017 WL 5626356 (N.D. Tex. Nov. 22, 2017). Further, the Fifth Circuit has held that a court may dismiss a claim only when lesser sanctions have proven futile and have refused to affirm a dismissal unless such lesser sanctions have been addressed. *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1985), cert. denied 475 U.S. 1016 (1985); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir.1985). Imposing sanctions less severe than the complete dismissal of a claim is normally the appropriate mechanism for courts to use in disciplining delinquent lawyers. *EEOC v. General Dynamics Corp.*, 999 F.2d 113, 117 (5th Cir. 1993).

These decisions underscore the Fifth Circuit's approach to dismissal-type sanctions for a first-time mistake and appear to reverse denials for relief under Rule 60(b)(1) even when the district court believed it acted within its discretion as was done in the present case. Specifically, shortly after the underlying lawsuit was filed, the District Court dismissed the action for failure to timely comply with Local Rule 83.10(a) as the ultimate sanction, then subsequently refused to reopen the case or grant relief from the final judgment under Rule 60(b)(1) despite Plaintiff's counsel's near-immediate efforts to cure the mistake. Because those rulings rest on rigid enforcement of a local rule without any apparent consideration of lesser remedies or

the equitable *Pioneer* factors, the dismissal of this case warrants reversal under the abuse-of-discretion standard.

B.     RULE 60(B)(1) RELIEF IS DESIGNED TO PREVENT HARSH RESULTS FROM COUNSEL'S MISTAKE

Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The Rule is to be liberally construed in favor of a decision on the merits of the case in order to prevent injustice and prejudice to the movant. *Seven Elves*, 635 F.2d at 403.

In *Pioneer*, the Supreme Court made clear that "excusable neglect" encompasses a broad range of situations, including simple attorney errors such as calendaring mistakes, inadvertence, and oversight. *See*, *Pioneer*, 507 U.S. at 388–94. Importantly, *Pioneer* emphasized that Congress intended courts to have flexibility to forgive such mistakes where justice so requires. *Id.*

The *Pioneer* Court identified the following four factors for determining whether neglect is excusable: (1) prejudice to the opposing party; (2) length of the delay and its potential impact; (3) reason for the delay and whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 385.

The rulings in *Pioneer* and *Seven Elves* indicates that Rule 60(b)(1) is designed to prevent undue harshness where a party's counsel has made a mistake

that is not the result of bad faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, <u>507 U.S. 380</u> (1993); *Seven Elves, Inc. v. Eskenazi*, <u>635 F.2d 396</u> (5th Cir. 1981). When counsel's errors are minor, as recognized in *Pioneer*, relief is appropriate to avoid punishing the moving party and to ensure that the underlying claims have a chance to be heard on the merits. *Seven Elves, Inc.,* <u>635 F.2d at 402</u>. Accordingly, Rule 60(b)(1) serves as a safety net against rigid enforcement of procedural rules that would otherwise lead to unjust outcomes and may prejudice the moving party.

C.    APPLICATION OF THE *PIONEER* FACTORS DEMONSTRATES EXCUSABLE NEGLECT

1.    <u>Defendant Will Suffer No Prejudice</u>

The first *Pioneer* factor examines whether reopening the case would unfairly prejudice the nonmovant. The Fifth Circuit has consistently held that Rule 60(b)(1) relief is appropriate where any delay or procedural misstep causes no prejudice to the opposing party. *See*, *e.g.*, *Lacy v. Sitel Corp.*, <u>227 F.3d 290, 293</u> (5th Cir. 2000) (reinstating a case where reopening would not disadvantage the opposing party).

Here, indistinguishable from *Lacy*, the facts strongly favor relief. Specifically, the dismissal of the underlying suit occurred only a couple of weeks after the Complaint was filed, well before an Answer in the case was due. No discovery had begun, initial disclosures were not even due, no scheduling order had been entered,

and no substantive motions were pending. As a result, Defendant has suffered no harm from the brief procedural oversight.

Plaintiff, however, would be prejudiced if the dismissal of his case under the Fair Labor Standards Act is affirmed. Specifically, since the Fair Labor Standards Act only has a two-year lookback period, unless willfulness is shown, the dismissal of this case will irrevocably damage the Plaintiff's ability to ultimately recover any unpaid wages that have since tolled due to the dismissal of the case, his appeal, and if his appeal is affirmed, the refiling of his claims. The ultimate outcome of the District Court's dismissal then would directly impact the monetary recover available to the Plaintiff, which is too harsh of a sanction. The punishment does not fit the crime, as they say. Since, as stated above, Rule 60(b)(1) is intended to prevent harsh results from technical mistakes, the absence of prejudice to Defendant is dispositive and weighs heavily in favor of granting relief.

 2.  <u>The Delay Was Minimal</u>

The second *Pioneer* factor strongly supports relief from any delay in the case was brief and immediately remedied. The Fifth Circuit has consistently recognized that short, isolated delays that are promptly remedied do not justify harsh consequences like dismissal. *See, e.g.*, *Stotter v. Univ. of Tex. at San Antonio*, <u>508 F.3d 812, 820</u> (5th Cir. 2007) (holding that a brief delay is excusable when promptly corrected). Similarly, in *Razvi*, the Court reversed a dismissal where the plaintiff's

18

counsel failed to file a certificate of interested parties based on a calendar oversight and reasoned that the single calendaring mistake was promptly corrected and thus did not justify dismissal. *Razvi*, at \*6.

Here, the calendar oversight regarding the missed deadline to have a local counsel and that local counsel file a Notice of Appearance in the underlying case was discovered only when the case was dismissed due to the same. Once the mistake was brought to Plaintiff's counsel's attention, Plaintiff's counsel 1) almost *immediately* retained local counsel; 2) drafted and Moved to Reopen the very same day the Order dismissing the case came through the CM/ECF system; and 3) attached a Notice of Appearance for the quickly-hired local counsel to the Motion. This prompt corrective action is similar to *Stotter* and *Razvi* and demonstrates that the oversight was isolated, not the result of Plaintiff's or his counsel's neglect or bad faith.

Moreover, Plaintiff acted well within the limits of Rule 60(c)(1), which requires that motions under Rule 60(b)(1) be filed within a year of the order. F<small>ED.</small> R. C<small>IV</small>. P. 60(c)(1). Here, Plaintiff moved for relief from judgment and to reopen the case the same day it was dismissed, well inside the one-year limit required by the rule. Accordingly, under Rule 60(b)(1), this factor strongly favors reopening the case to allow the matter to be heard on the merits.

3. <u>The Reason For The Delay Was Excusable Neglect & The Mistake Was an Isolated Incident</u>

The third factor considers the reason for the delay. Isolated attorney errors, such as calendaring errors or inadvertent oversights, have recently been held excusable under Rule 60(b)(1) in the Fifth Circuit. *Razvi v. Dallas Fort Worth Int'l; Spirit Airlines Inc.*, No. 21-10016, <u>2022 WL 4298141</u> (5th Cir. 2022). Other cases in which calendaring errors or inadvertent oversights were not held to be excusable under the Rule are easily distinguishable from the present case. *Compare, In re SAL ATX LLC*, <u>660 B.R. 795</u> (Bankr. W.D.T.X. 2018)(distinct from *Razvi* and this case in that 1) the deadline missed was not the first one the party missed; 2) the deadline involved an agreed Order implicating a higher level of knowledge of the deadline; and 3) the case had been heavily litigated at the point when the deadline was missed); *see also, Rayford v. Karl Storz Endoscopy Am., Inc.*, <u>740 Fed. Appx. 435</u> (5th Cir. 2018)(distinct from *Razvi* and this case as the deadline missed was a response deadline for a motion for summary judgment, after the case had been litigated for a while).

Here, like *Razvi*, the mistake was made at the very beginning of the case, fourteen (14) days after filing the suit, in fact, isolated, with a prompt attempt to remedy (within the same day), did not involve an agreed order or a scheduling order, and thus constitutes excusable neglect. Plaintiff's failure to timely designate local counsel was due to counsel's inadvertent oversight of the order by the court

contained only within the text of the Pacer CM/ECF email, and not willful disregard of a Court Order. Importantly, the mistake was not attributable to the Plaintiff, who had no role in the calendaring or compliance process, but his counsel. Punishing Plaintiff for his counsel's inadvertent error would frustrate the purpose of Rule 60(b)(1), which exists to prevent harsh results from minor procedural errors. Therefore, since the delay was the result of excusable neglect that was beyond the actual Plaintiff's control, this factor supports granting relief.

4. <u>Plaintiff Acted In Good Faith And Took Immediate Corrective Action</u>

Regarding the *Pioneer* good faith factor, courts evaluating this factor under Rule 60(b)(1) consider whether the movant acted diligently to remedy the error and whether there is evidence of intentional delay, tactical advantage, or disregard of court rules. *Pioneer*, <u>507 U.S. at 395</u>; *see also*, *Lacy*, <u>227 F.3d at 293</u>. Prompt corrective action is strong evidence of good faith. *Id.*

Here, Plaintiff retained local counsel almost immediately upon learning of the dismissal and filed a Motion to Reopen within mere hours of the dismissal Order coming through the CM/ECF system by email, providing the District Court with supporting documentation (a Notice of Appearance of the local counsel). <u>ROA 23</u> – 31. The mistake was remedied, or attempted to be remedied, as soon as it possibly could have been. There is no evidence of bad faith, delay tactics, or intentional disregard of any Rules, procedurally or locally, by Plaintiff or his counsel. Instead,

indistinguishable from *Pioneer*, Plaintiff's swift action to attempt to correct the mistake confirm Plaintiff's commitment to compliance and demonstrate Plaintiff's efforts to cure the oversight as soon as it was discovered. Since Plaintiff acted in good faith and immediately took corrective measures, this factor weighs strongly in favor of reversing the dismissal.

D.    DISMISSAL WAS A DISPROPORTIONATE SANCTION

Federal courts have inherent authority to dismiss for noncompliance with local rules, but the Fifth Circuit, time and time again, has ruled that the authority of a district court to dismiss is limited by the deeply-rooted principle that dismissal should not be the first implemented sanction and other should be considered first. *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir. 1968); *Angel v. Consol. Freightways, Inc.*, 1995 U.S. App. LEXIS 41720 *11-12 (5th Cir. 1995); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir.1985); *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984); *Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982); *Nat. Gas Pipeline Co. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).

Independent of the *Pioneer* analysis, dismissal here was an abuse of discretion because it was a disproportionate sanction to the mistake that resulted in a violation of a local rule. The standard set forth by the Fifth Circuit requiring district courts to consider other sanctions and articulate why the lesser sanctions would be futile was

not met here. The District Court had ever other less harsh alternatives at its disposal, including Ordering compliance within a set time frame, Ordering Plaintiff to show cause as to why he missed the deadline, imposing monetary penalties, or even simply issuing a warning.  Instead, the District Court dismissed the case, the ultimate sanction, not articulating why any other sanction would not be feasible and without affording Plaintiff any opportunity to cure the mistake. By failing to impose a less harsh sanction, the District Court abused its discretion and committed a reversible error.

E.    THE DISTRICT COURT MISAPPLIED JONES AND CAMPBELL

The District Court's relied on the rulings in *Jones* and *Campbell* to justify its dismissal of the underlying case. ROA 32. In *Jones*, dismissal followed the plaintiff's counsel's *repeated* failure to comply with the local counsel rule after the court had already issued an Order of compliance. *Compare*, *Jones v. Meridian Sec. Ins. Co.*, No. 23-10148, 2023 WL 6518145 (5th Cir. 2023)(emphasis added). In other words, the Plaintiff in Jones was warned via Order before the case was dismissed. Also, the plaintiff's counsel in *Jones* violated the Order of compliance and took no steps to cure the issue. *Id*. Likewise, in *Campbell,* dismissal was only *after* the plaintiff repeatedly violated the Court's rules despite multiple warnings. *Compare*, *Campbell v. Wilkinson*, 988 F.3d 798 (5th Cir. 2021).  *Campbell* involved a pattern of repeated noncompliance with not only the Court's rules but Court Orders, a secondary mistake or violation. *Id*.

By contrast, the District Court did not issue a compliance Order or any other warning to Plaintiff, as was done on *Jones* and *Campbell*, nor was Plaintiff given an opportunity to cure the mistake. Also, distinguishable from *Jones*, Plaintiff's counsel corrected the oversight within hours of dismissal. Further, unlike *Campbell*, this case involves a single, isolated oversight that was promptly remedied once it was discovered.

The holdings in *Jones* and *Campbell* align with the Fifth Circuit's precedent that dismissal or a lawsuit may be appropriate only as a last resort, if other sanctions would not suffice to cure the issues, and after repeated violations or willful defiance of court Orders. The District Court's reference to and reliance on Jones and Campbell to justify the highest level of sanction is misplaced and the sanction thus disproportionate to the conduct at issue. As such, there has been an abuse of the District Court's discretion.

F.    EQUITY AND POLICY STRONGLY FAVOR REVERSAL OF THE DISTRICT COURT'S DENIAL OF PLAINTIFF'S MOTION TO REOPEN

The Fifth Circuit has long emphasized that Rule 60(b) must be "liberally construed in order to do substantial justice." *Seven Elves,* 635 F.2d at 403; *see also,* FED. R. CIV. P. 60(b). There is a fundamental policy preference in this jurisdiction that cases be resolved on their merits rather than dismissed on procedural technicalities. *See, Lacy* 227 F.3d at 292.

Here, Plaintiff himself played no role in his counsel's inadvertent oversight and calendaring error, yet dismissal penalizes him directly by extinguishing his claims before they can be heard on the merits. Reversing the dismissal imposes no real burden on Defendant, other than the defense of the suit that is the regular, standard burden of any defendant in a case, avoids needless duplication of filings and costs, and ensures that Plaintiff's claims are heard and adjudicated fairly, which is in line with the long-standing principles established by the Fifth Circuit. As such, the principles of equity and sound judicial policy strongly favor reopening this case.

## X.     CONCLUSION

Due to the foregoing, Plaintiff- Appellant hereby respectfully requests that the Court reverse the District Court's dismissal of his action and grant relief under Federal Rule of Civil Procedure 60(b)(1).

Respectfully Submitted,

**SPACE CITY LAW FIRM**

*s/Bridget Davidson*

Bridget Davidson
*bdavidson@spacecitylaw.com*
TBN: 24096858
**SPACE CITY LAW FIRM**
440 Louisiana Street, Suite 1110
Houston, Texas 77002
E-Service: *hello@spacecitylaw.com*
Tel.: 713-568-5305
Fax: 713-583-1107

**ATTORNEY FOR PLAINTIFF-APPELLANT**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on October 29, 2025, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*s/Bridget Davidson*
Bridget Davidson

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 4,048, excluding the parts of the brief exempted by Federal Rule of Civil Procedure 32(f).

This brief also complies with the typeface requirements of Federal Rule of Civil Procedure 32(a)(5) and the type requirements of Federal Rule of Civil Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface with a 14-point font named Times New Roman.

*s/Bridget Davidson*
Bridget Davidson
